IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | |
|---|---|
| COACH, INC, and COACH SERVICES, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No: 1:12-cv-168SNLJ |
| ) | |
| TROPICAL SUN TANNING & GIFTS, et al., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## ANSWER of DEFENDANTS TROPICAL SUN TANNING & GIFTS, TIFFANY HIGGINS a/k/a TIFFANY GOODRICH, individually and d/b/a TROPICAL SUN TANNING & GIFTS, AND JOHNNY KRISTOPHER HIGGINS, individually and d/b/a TROPICAL SUN TANNING & GIFTS

Defendants Tropical Sun Tanning & Gifts, Tiffany Higgins a/k/a Tiffany Goodrich, individually and d/b/a Tropical Sun Tanning & Gifts, and Johnny Kristopher Higgins, individually and d/b/a Tropical Sun Tanning & Gifts ("Defendants"), by and through their attorneys, John T. McMullan and Shannon Wright Morgan of Pelts, McMullan, Edgington & Morgan, LLP, answers plaintiffs' Complaint as follows:

### Nature of the Action

1. Defendants deny the allegations contained in paragraph 1 of the Complaint. Defendants specifically deny that they engaged in any act other than selling goods purchased from an internet distributor.

### Jurisdiction and Venue

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

## Parties

5.  Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 5 and therefore deny the same.

6.  Defendants admit that Tropical Sun Tanning & Gifts has its principal place of business in Kennett, Missouri.  Defendants deny that Tropical Sun Tanning & Gifts is a Missouri corporation.

7.  Defendants admit the allegations contained in paragraph 7 of the Complaint. Defendants further answer that the current address is 116 North Side Courthouse Square, Kennett, Missouri.

8.  Defendants admit that allegations contained in paragraph 8 of the Complaint.

9.  Defendants admit the allegations contained in paragraph 9 of the Complaint. Defendants further answer that the current address is 116 North Side Courthouse Square, Kennett, Missouri.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

## The World Famous Coach Brand and Products

14. Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 14 and therefore deny the same.

15. Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 15 and therefore deny the same.

16.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 16 and therefore deny the same.

**The Coach Trademarks**

17.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 17 and therefore deny the same.

18.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 18 and therefore deny the same.

19.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 19 and therefore deny the same.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 22 and therefore deny the same.

**The Coach Design Elements/Copyrights**

23.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 23 and therefore deny the same.

24.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 24 and therefore deny the same.

25.     Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 25 and therefore deny the same.

### Defendants' Acts of Infringement and Unfair Competition

26. Defendants deny the allegations contained in paragraph 26 of the Complaint, including subparagraphs A-I.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit they have no license from Coach to sell or offer to sell its products. Defendants further answer that they did not believe they needed any such license from Coach to sell or offer to sell its products. Defendants lack sufficient information and knowledge so as to form a belief with respect to the remaining allegations contained in paragraph 28 and therefore deny the same.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

### COUNT I
### Trademark Counterfeiting, 15 U.S.C. § 1114

33. Defendants incorporate by reference their answers to paragraphs 1-32 above.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

## COUNT II
## Trademark Infringement, 15 U.S.C. § 1114

41. Defendants incorporate by reference their answers to paragraphs 1-40 above.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

## COUNT III
## False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a)

49. Defendants incorporate by reference their answers to paragraphs 1-48 above.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

## COUNT IV
## Trademark Dilution, 15 U.S.C. § 1125(c)

55. Defendants incorporate by reference their answers to paragraphs 1-54 above.

56. Defendants admit the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

## COUNT V
### Copyright Infringement, 17 U.S.C. § 501

63. Defendants incorporate by reference their answers to paragraphs 1-62 above.

64. Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 64 and therefore deny the same.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

## COUNT VI
### Common Law Trademark Infringement

71. Defendants incorporate by reference their answers to paragraphs 1-70 above.

72. Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 72 and therefore deny the same.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

## COUNT VII
### Trademark Dilution, Common Law and § 417.061, RSMo

80. Defendants incorporate by reference their answers to paragraphs 1-79 above.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants admit the allegations contained in paragraph 82 of the Complaint.

83. Defendants lack sufficient information and knowledge so as to form a belief with respect to the allegations contained in paragraph 83 and therefore deny the same.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

## COUNT VIII
### Unfair Competition § 417.061, RSMo

89. Defendants incorporate by reference their answers to paragraphs 1-88 above.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

## COUNT IX
## Common Law Unfair Competition

94. Defendants incorporate by reference their answers to paragraphs 1-93 above.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

## COUNT X
## Unjust Enrichment

99. Defendants incorporate by reference their answers to paragraphs 1-98 above.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

## ADDITIONAL RESPONSES

101. Defendants incorporate by reference their answers to paragraphs 1-100 above.

102. Defendants deny all allegations not specifically admitted herein, including all statements and requests alleged in Plaintiff's "WHEREFORE" clause and prayer for relief.

103. Defendants deny that plaintiffs are entitled to any relief.

104. Defendants demand a jury trial on any issue triable to a jury.

## AFFIRMATIVE DEFENSES

As a further answer and affirmative defense to plaintiffs' Complaint, and without prejudice to previous denials, Defendants state:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted against Defendants.

## SECOND DEFENSE

Defendants assert they did nothing more than sell goods purchased from internet distributor Mr. YongGui Wang, Putian City Fujian Province China, postal code 351100. Mr. Wang used the following email and website addresses when contacting Defendants:

a. Trade-Supplier@hotmail.com

b. trade-supplier@hotmail.com

c. my-trademarket@hotmail.com

d. my_trademarket@yahoo.cn

e. www.trade-supplier.net

f. www.bulkordersite.com

## THIRD DEFENSE

Defendants assert that due to the appearance of the websites from which Defendants purchased products, Defendants had no reason to believe that their purchase and resale of products from the internet distributor constituted an illicit act.

## FOURTH DEFENSE

Plaintiffs have failed to mitigate all alleged damages, thereby requiring a reduction of any damages awarded.

## FIFTH DEFENSE

Defendants incorporate by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendants reserve the right to amend this answer to include additional affirmative defenses at the time they are discovered.

## DEFENDANTS' PRAYER FOR RELIEF

For the reasons stated above, Defendants ask this Court to enter judgment in its favor, award it costs and expenses, including a reasonable attorney's fee, and grant any other relief deemed appropriate.

Respectfully submitted,

*/s/ John T. McMullan*
JOHN T. MCMULLAN
Federal Bar No. 92551

*/s/ Shannon Wright Morgan*
SHANNON WRIGHT MORGAN
Federal Bar No. 50917MO

PELTS, McMULLAN & EDGINGTON MORGAN, LLP
217 College Avenue
P.O. Box 68
Kennett, MO 63857
(573) 888-4644
Fax:  (573) 888-4999
john_t_mcmullan@yahoo.com
shannonmorgan@pmelaw.net

ATTORNEYS FOR DEFENDANTS
TROPICAL SUN TANNING & GIFTS,
TIFFANY HIGGINS a/k/a TIFFANY GOODRICH,
individually and d/b/a TROPICAL SUN TANNING &
GIFTS, AND JOHNNY KRISTOPHER HIGGINS,
individually and d/b/a TROPICAL SUN TANNING &
GIFTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Further, I sent a copy of the foregoing, via first class mail, postage prepaid, to the following:

BRYAN CAVE, LLP
Jason A. Kempf
211 North Broadway
Suite 3600
St. Louis, MO 63102

Attorney for Plaintiffs

                                                    /s/ *John T. McMullan*
                                                    Attorney for Defendants